IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SAMUEL D. DAVIS, | ) |
| | ) Civil Action No. 7:02CV00644 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By:   Honorable Glen E. Conrad |
| | )        United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Samuel D. Davis, was born on July 18, 1944. Mr. Davis has worked as a self-employed farmer. Plaintiff suffered a serious and disabling injury on August 5, 1993. On December 30, 1993, Mr. Davis filed an application for a period of disability and disability insurance benefits. His claim was denied based on the finding that Mr. Davis did not meet the insured status requirements of the Act, as is required for entitlement to disability insurance benefits. See 42 U.S.C. § 423(a)(1)(A). Mr. Davis filed a second application for a period of disability and disability insurance benefits on December 9, 1997, again alleging disability onset as of August 5, 1993. His application was denied upon initial consideration and reconsideration. Mr. Davis then sought a *de*

*novo* hearing and review before an Administrative Law Judge. However, by order entered January 28, 1999, the Law Judge dismissed plaintiff's request for a hearing, finding it to be untimely. The Social Security Administration's Appeals Council granted Mr. Davis' request for a review, and remanded the case to the Administrative Law Judge for a hearing. On November 8, 2001, the Law Judge denied plaintiff's claim for benefits. Based on amended tax returns filed by Mr. Davis, the Law Judge ruled that plaintiff was entitled to four quarters of coverage for each of the years 1988, 1989, 1990, and 1991, for a grand total of sixteen quarters of coverage. The Law Judge declined to grant plaintiff credit for quarters based on amended tax returns filed for 1984, 1985, 1986, and 1987. Accordingly, the Law Judge ultimately ruled that Mr. Davis did not enjoy insured status, because he had less than twenty quarters of coverage in the forty quarter period ending in the quarter in which he alleged disability onset. See, gen., 42 U.S.C. § 423(c)(1). On this occasion, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Davis then appealed to this court.

By order entered November 17, 2003, the court remanded the case to the Commissioner for consideration of additional evidence. The entry of the order of remand was occasioned by plaintiff's presentation of amended tax returns for the years 1992 and 1993. Without going into any great detail at this point, the court notes that if the amended tax returns had been fully credited under the prior decision of the Law Judge, Mr. Davis would have been entitled to sufficient, additional quarters of coverage, so as to meet the insured status requirements of the Act.[1]

---

[1] While plaintiff sought remand for consideration of the amended tax returns, plaintiff also made additional arguments at the time of the court's initial consideration of the case, including the contention that a Social Security representative had earlier misled plaintiff as to what evidence would be required to document earlier quarters of

2

Upon remand, the case was assigned to a new Administrative Law Judge, who again concluded that Mr. Davis was properly credited with a total of sixteen quarters of coverage for the years 1988, 1989, 1990, and 1991. The Law Judge ruled that the amended tax returns for the years 1992 and 1993 did not establish any entitlement to additional quarters of coverage. Accordingly, the second Law Judge also denied Mr. Davis' claim, finding that plaintiff did not enjoy insured status within the meaning of 42 U.S.C. § 423(a)(1)(A). The second Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Thus, Mr. Davis' case has been reinstated on the active docket of this court.

The details of the tortured history of this matter should be known to anyone having occasion to review this opinion. The court will not attempt to recount the case history, except as is necessary to consider the current positions of the parties. Shortly after the matter was reinstated on the active docket, the Commissioner filed a motion for remand "pursuant to the fourth sentence of 42 U.S.C. § 405(g)." Stated succinctly, the Commissioner argued that both Administrative Law Judges improperly evaluated the self-employment income claimed by Mr. Davis in his amended tax returns for 1988, 1989, 1990, and 1991. The Commissioner asserted that proper calculation results in a determination of entitlement to only eleven quarters of coverage for these years. Thus, the Commissioner maintained that Mr. Davis fails to meet the insured status requirements of the Act regardless of whether he is credited for quarters of coverage in 1992 and 1993.

Plaintiff initially opposed the Commissioner's motion for remand. Plaintiff argued that the findings of the two Administrative Law Judges crediting him with sixteen quarters of coverage for

---

coverage, and that the Commissioner should be estopped from refusing to consider the amended tax returns for the other years not credited.

3

the disputed years cannot now be revisited, given the fact that the court's earlier order of remand was based solely on the existence of new evidence in the form of amended tax returns for 1992 and 1993. In addition, plaintiff asserted that the court should rule that he is entitled to additional quarters of coverage based on the amended tax returns for 1992 and 1993.

On November 15, 2006, sometime after the court entertained oral argument in this matter, plaintiff filed a new motion for remand. Plaintiff now asserts that, following the earlier order of remand, the Administrative Law Judge failed to address certain issues which the plaintiff believes were fairly presented to the Commissioner. In his motion for remand, the plaintiff lists those issues as follows:

> Whether or not the amended income tax returns for the years 1984 to 1987 were timely filed and whether or not plaintiff is entitled to credits based upon income for the years 1984-1987.
>
> The issues of equitable tolling, including whether or not the Social Security Administration advised the claimant to file returns for 1984-1991 in order to achieve sufficient credits to apply for and receive disability insurance benefits and whether or not the Social Security Administration advised the claimant not to file returns for 1992-1993.
>
> Whether or not the claimant received misinformation from the Social Security Administration which would bar and estop them from the position which they are currently taking.
>
> Whether or not the defendant would be barred and estopped now from claiming that the plaintiff had insufficient credits to receive disability insurance benefits.
>
> Whether the deemed filing provisions would permit the returns which could have been filed to have been deemed filed.
>
> Whether the Social Security Administration's own rules and regulations would permit the plaintiff to file amended returns even now for 1992-1993.
>
> Whether or not the claimant's illness would support a finding of an equitable tolling.

4

> Whether or not the IRS' acceptance of the amended tax returns bind the Social Security Administration to accept the income claimed in those amended returns and to credit plaintiff appropriately with the credits which would be represented by such income.
>
> Whether or not time for filing an amended return was tolled and thus whether or not the specific 1987 return was timely filed.

On December 11, 2006, the Commissioner filed her response to plaintiff's motion for remand. The Commissioner asserts that the Law Judge's finding that plaintiff does not possess sufficient quarters of coverage for entitlement to disability insurance benefits is supported by substantial evidence and should be affirmed. In the alternative, the Commissioner renews her motion for remand of the case, so as to permit a proper calculation as to the quarters for which plaintiff is entitled to credit based on the amended tax returns for 1988, 1989, 1990, and 1991.

Given the current posture of the case, the court can only find that there is "good cause" for remand of this matter to the Commissioner for further consideration. In essence, both sides agree that the final decision of the Commissioner now before the court is flawed, although there is considerable disagreement as to why the Law Judge's opinion is incorrect. As to plaintiff's argument, the court agrees that it was originally contemplated that the Commissioner would consider all of the issues fairly raised by plaintiff following the first order of remand, and not just those pertaining to the amended tax returns for 1992 and 1993. On the other hand, the court agrees with the Commissioner that there is some reason to believe that the Law Judge improperly credited Mr. Davis with sixteen quarters of coverage for the years 1988, 1989, 1990, and 1991.

For these reasons, the court finds "good cause" for remand of this case to the Commissioner for further consideration. On this occasion, the court intends that the Administrative Law Judge be directed to consider all of the issues surrounding plaintiff's insured status, including those listed by

Mr. Davis in his motion for remand and that identified by the Commissioner in her motion for remand, as outlined above. The court also agrees with the Commissioner's assertion that the order of remand must be entered pursuant to the authority of the fourth sentence of 42 U.S.C. § 405(g). Inasmuch as the court is essentially directing the Commissioner to reconsider Mr. Davis' entire case, it is clear that the fourth sentence of 42 U.S.C. § 405(g) provides the appropriate basis for remand.

Upon remand, both sides will be entitled to submit additional evidence and argument. If the Commissioner is unable to resolve the issues in this matter in Mr. Davis' favor based on the existing record, the Commissioner shall conduct a new administrative hearing.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 18th day of January, 2007.

_____
United States District Judge